**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF TEXAS

Case number *(if known)* _____ Chapter **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy        4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Sundance Behavioral Health Care, Inc.** | |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **Sundance Center of Fort Worth**<br>**Sundance Behavioral Healthcare System** | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **86-1113195** | |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **2707 Airport Freeway**<br>**Suite 206**<br>**Fort Worth, TX 76111-2390**<br>Number, Street, City, State & ZIP Code | <br><br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Tarrant**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.sunbhc.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Sundance Behavioral Health Care, Inc.**                     Case number (*if known*) _____
         Name

---

**7. Describe debtor's business**

A. *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   6214

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

Debtor **See Attachment** _____  Relationship _____

District _____  When _____  Case number, if known _____

---

Debtor   **Sundance Behavioral Health Care, Inc.**                                    Case number (*if known*) _____
         Name

---

**11. Why is the case filed in this district?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

████ **Statistical and administrative information**

---

**13. Debtor's estimation of available funds** .

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,000 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,000 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor   **Sundance Behavioral Health Care, Inc.**                    Case number (*if known*) _____
         Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 31, 2019**
               MM / DD / YYYY

**X** **/s/ Raju Indukuri, M.D.**                          **Raju Indukuri, M.D.**
Signature of authorized representative of debtor            Printed name

Title    **Authorized Director**

**18. Signature of attorney**

**X** **/s/ Stephen M. Pezanosky**                     Date **January 31, 2019**
Signature of attorney for debtor                            MM / DD / YYYY

**Stephen M. Pezanosky**
Printed name

**Haynes and Boone, LLP**
Firm name

**301 Commerce Street**
**Suite 2600**
**Fort Worth, TX 76102**
Number, Street, City, State & ZIP Code

Contact phone    **817-347-6600**    Email address    **stephen.pezanosky@haynesboone.com**

**15881850 (Texas)**
Bar number and State

Debtor **Sundance Behavioral Health Care, Inc.**
Name

Case number *(if known)*

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF TEXAS

Case number *(if known)* _____ Chapter __**11**__

☐ Check if this an
amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | |
|---|---|---|---|
| Debtor | **RCR Healthcare Dallas, LLC** | Relationship to you | **Common ownership** |
| District | **Northern District of Texas, Fort Worth Division** | When | Case number, if known |
| Debtor | **RCR Healthcare, LLC** | Relationship to you | **Common ownership** |
| District | **Northern District of Texas, Fort Worth Division** | When | Case number, if known |
| Debtor | **SAS Healthcare, Inc.** | Relationship to you | **Common ownership** |
| District | **Northern District of Texas, Fort Worth Division** | When | Case number, if known |

### UNANIMOUS WRITTEN CONSENT AND APPROVAL
### BY 100% OF THE SHAREHOLDERS OF
### SUNDANCE BEHAVIORAL HEALTH CARE, INC.

The undersigned being all of the shareholders (collectively, the "Shareholders") of Sundance Behavioral Health Care, Inc. (the "Corporation"), acting pursuant to the Texas Business Organizations Code, and the Bylaws and Shareholders' Agreement, hereby waive the requirements of notice and voting, including without limitation, any specific requirement of prior notice for taking actions by written consent, and of a meeting and hereby consent to, adopt and approve the following resolutions and each and every action effected thereby (the "Consent"):

#### Recitals

WHEREAS, all of the Shareholders, in consultation with their professionals and the Corporation's officers (the "Officers") and its board of directors (each a "Director" and together, the "Board"), have determined that it is desirable and in the best interest of the Corporation to cause to be filed a petition by the Corporation seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on or after January 29, 2019; and

WHEREAS, it is desirable and in the best interests of the Corporation to seek to market and sell substantially all of the Corporation's assets pursuant to a sale under Bankruptcy Code § 363 after a proper marketing process as approved by the Bankruptcy Court (defined below); and

WHEREAS, to facilitate the sale and marketing process it is desirable and in the best interests of the Corporation and its constituencies to enter an agreement for the sale of substantially all of the Corporation's assets to REP Perimeter Holdings, LLC, or its designee ("Perimeter") pursuant to that certain Asset Purchase Agreement by and between Perimeter as buyer and the Corporation as seller (the "Stalking Horse APA") and to consummate the transactions provided for therein, subject to such higher or better offers as may be received by the Company and approved by the Bankruptcy Court; and

NOW, THEREFORE, BE IT

#### Filing and Prosecution of Bankruptcy Case

RESOLVED, that it is desirable and in the best interest of the Corporation to authorize the Board to cause to be filed a petition in the name of the Corporation (the "Chapter 11 Petition") seeking relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is further

RESOLVED, that the Board shall authorize and direct an individual Director to execute and verify the Chapter 11 Petition and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"), in such form and at such time as he shall determine; and it is further

RESOLVED, that the Board be, and hereby is, authorized to execute and file (or direct others to do so on behalf of the Corporation as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications,

4828-

pleadings and other papers, and in connection therewith, to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action which they deem necessary and proper in connection with the Chapter 11 case; and it is further

## Authorization to Enter into Stalking Horse APA and Conduct a Sale Process

RESOLVED, that the Board, or such individual Director as may be authorized by the Board, is hereby granted full authority to enter an agreement for the sale of substantially all of the Corporation's assets to Perimeter pursuant to that certain Stalking Horse APA and to consummate the transactions provided for therein, subject to such higher or better offers as may be received by the Corporation and approved by the Bankruptcy Court, and to take all other actions as necessary relating thereto, including without limitation, conducting a sale and marketing process, auction, and any other act or action relating thereto; and it is further

## General Authorizing Resolutions

RESOLVED that the Board, or such individual Director as may be authorized by the Board, is hereby granted full authority to act in the name of and on behalf of the Corporation, under the Corporation's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Corporation, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as he deems to be necessary, appropriate, or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 case, the taking of any such action to constitute conclusive evidence of the exercise of such discretionary authority; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by the Officers, Directors and/or Board to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED, that the Board, or such individual Director as may be authorized by the Board, is authorized, empowered and directed to certify and attest any documents or materials which they deem necessary, desirable, or appropriate to consummate the transactions contemplated by the foregoing resolutions, without the necessity of further approvals or consents by the Shareholders or the affixing of any seal of the Corporation; and it is further

RESOLVED, that all actions heretofore taken by the Corporation, the Officers, the individual Directors, the Board, and other authorized representative of the Company with respect to the foregoing transactions and all other matters contemplated by the foregoing resolutions that require approval by the Shareholders are hereby in all respects, approved, adopted, ratified, and confirmed.

This Consent may be executed in one or more counterparts, each of which shall be deemed an original and all of which, together, shall constitute one consent. All of the foregoing resolutions shall be deemed adopted simultaneously.

[Signature Page Follows]

P. RAJU INDUKURI, M.D., Individually

KISHORE SUNKARA, M.D., individually

ASHOO MANMADH RAO, M.D., individually

## UNANIMOUS WRITTEN CONSENT OF THE
## BOARD OF DIRECTORS OF
## SUNDANCE BEHAVIORAL HEALTH CARE, INC.

The undersigned being all of the members of the board of directors (each a "Director" and collectively, the "Board") of Sundance Behavioral Health Care, Inc. (the "Corporation"), acting pursuant to the Texas Business Organizations Code, the Bylaws and Shareholders' Agreement, and the Unanimous Written Consent and Approval by 100% of the Shareholders of Sundance Behavioral Health Care, Inc. (the "Shareholder Consent") hereby waive the requirements of notice and voting, including without limitation, any specific requirement of prior notice for taking actions by written consent, and of a meeting and hereby consent to, adopt and approve the following resolutions and each and every action effected thereby (the "Board Consent"):

### Recitals

WHEREAS, the Shareholder Consent was signed and authorized on even date herewith and pursuant to the Shareholder Consent the Board has been authorized to take certain actions contemplated in this Board Consent;

WHEREAS, all of the Directors, in consultation with the Corporation's professionals and the Corporation's officers (the "Officers"), have determined that it is desirable and in the best interest of the Corporation to cause to be filed a petition by the Corporation seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on or after January 29, 2019; and

WHEREAS, the Board has determined that it is desirable and in the best interests of the Corporation to seek to market and sell substantially all of the Corporation's assets pursuant to a sale under Bankruptcy Code § 363 after a proper marketing process as approved by the Bankruptcy Court (defined below); and

WHEREAS, to facilitate the sale and marketing process it is desirable and in the best interests of the Corporation and its constituencies to enter an agreement for the sale of substantially all of the Corporation's assets to REP Perimeter Holdings, LLC, or its designee ("Perimeter") pursuant to that certain Asset Purchase Agreement by and between Perimeter as buyer and the Corporation as seller (the "Stalking Horse APA") and to consummate the transactions provided for therein, subject to such higher or better offers as may be received by the Company and approved by the Bankruptcy Court; and

WHEREAS, it is desirable and in the best interests of the Corporation to obtain pre-petition financing to fund the Corporation's ongoing obligations and to facilitate preparations for the Corporation's chapter 11 case; and

WHEREAS, in the absence of alternative sources of funds from other lenders, it is desirable to obtain pre-petition financing on the terms contained in that certain Promissory Note dated as of January 22, 2019 with Perimeter (the "Pre-Petition Note") and such other ancillary

4842-

agreements, documents, and instruments as may be necessary (together, the "Pre-Petition Financing"); and

WHEREAS, it is desirable and in the best interests of the Corporation to obtain debtor-in-possession financing to facilitate the Corporation's chapter 11 case, and the sale and marketing process of substantially all of the Corporation's assets through a bankruptcy proceeding; and

WHEREAS, in the absence of alternative sources of funds from other lenders, it is desirable to obtain debtor in possession financing on the terms contained in that certain Post-Petition Loan and Security Agreement Credit dated as of January [29], 2019 with Perimeter (the "DIP Credit Agreement") and such other ancillary agreements, documents, and instruments as may be necessary (together, the "DIP Financing"); and

NOW, THEREFORE, BE IT

## Filing and Prosecution of Bankruptcy Case

RESOLVED, that it is desirable and in the best interest of the Corporation to authorize P Raju Indukuri, M.D. ("Dr. Indukuri"), to cause to be filed a petition in the name of the Corporation (the "Chapter 11 Petition") seeking relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is further

RESOLVED, that the Board shall authorize and direct Dr. Indukuri, acting on behalf of the Corporation, to execute and verify the Chapter 11 Petition and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"), in such form and at such time as he shall determine; and it is further

RESOLVED, that Dr. Indukuri, acting on behalf of the Corporation, hereby is authorized to execute and file (or direct others to do so on behalf of the Corporation as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in connection therewith, to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action which they deem necessary and proper in connection with the Chapter 11 case; and it is further

## Employment of Professionals

RESOLVED, that the law firm of Haynes and Boone, LLP be, and hereby is, employed under general retainer as bankruptcy counsel for the Corporation in the Chapter 11 case, and Dr. Indukuri, acting on behalf of the Corporation, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers in substantially the amounts previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Haynes and Boone, LLP; and it is further

RESOLVED, that the consulting firm of Phoenix Management Services ("Phoenix") be, and hereby is, employed to provide certain services as financial advisor and other support services for the Corporation in the Chapter 11 case, and Dr. Indukuri, acting on behalf of the Corporation, is hereby authorized and directed to execute appropriate retention agreements,

4842-

direct payment of appropriate retainers in substantially the amounts previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Phoenix; and it is further

RESOLVED, that the investment banking firm of Raymond James & Associates, Inc. ("Raymond James") be, and hereby is, employed as investment banker for the Corporation in the Chapter 11 case, and Dr. Indukuri, acting on behalf of the Corporation, is hereby authorized and directed to execute any appropriate retention agreement, direct payment of appropriate retainers in substantially the amount previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Raymond James; and it is further

RESOLVED, that the consulting firm of Omni Management Group ("Omni") be, and hereby is, employed as claims and noticing agent and to provide other related services for the Corporation in the Chapter 11 case, and Dr. Indukuri, acting on behalf of the Corporation, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers in substantially the amount previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Omni; and it is further

RESOLVED, that Dr. Indukuri, acting on behalf of the Corporation, is hereby authorized and directed to employ any other firm as professionals or consultants to the Corporation as are deemed necessary to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code and, in connection therewith, Dr. Indukuri, acting behalf of the Corporation, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers prior to and after the filing of the Chapter 11 case and cause to be filed appropriate applications for authority to retain the services of such firm; and it is further

**Authorization to Obtain Pre-Petition Financing**

RESOLVED, that Dr. Indukuri, acting on behalf of the Corporation, is hereby granted full authority to enter to obtain pre-petition financing on the terms contained in documents comprising the Pre-Petition Note and such other ancillary agreements, documents, and instruments relating thereto; and it is further

**Authorization to Obtain DIP Financing**

RESOLVED, that Dr. Indukuri, acting on behalf of the Corporation, is hereby granted full authority to enter to obtain debtor in possession financing on the terms contained in that certain DIP Credit Agreement and such other ancillary agreements, documents, and instruments relating thereto; and it is further

**Authorization to Enter into Stalking Horse APA and Conduct a Sale Process**

RESOLVED, Dr. Indukuri, acting on behalf of the Corporation, is hereby granted full authority to enter an agreement for the sale of substantially all of the Corporation's assets to Perimeter pursuant to that certain Stalking Horse APA and to consummate the transactions provided for therein, subject to such higher or better offers as may be received by the

4842-                                      - 3 -

Corporation and approved by the Bankruptcy Court, and to take all other actions as necessary relating thereto, including without limitation, conducting a sale and marketing process, auction, and any other act or action relating thereto; and it is further

**General Authorizing Resolutions**

RESOLVED that Dr. Indukuri, acting on behalf of the Corporation, is hereby granted full authority to act in the name of and on behalf of the Corporation, under the Corporation's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Corporation, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as he deems to be necessary, appropriate, or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 case, the taking of any such action to constitute conclusive evidence of the exercise of such discretionary authority; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by the Officers, Directors and/or Board to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED, that Dr. Indukuri, acting on behalf of the Corporation, is authorized, empowered and directed to certify and attest any documents or materials which he deems necessary, desirable, or appropriate to consummate the transactions contemplated by the foregoing resolutions, without the necessity of further approvals or consents by the Shareholders or the affixing of any seal of the Corporation; and it is further

RESOLVED, that all actions heretofore taken by the Corporation, the Officers, the individual Directors, the Board, and other authorized representative of the Company with respect to the foregoing transactions and all other matters contemplated by the foregoing resolutions that require approval by the Board are hereby in all respects, approved, adopted, ratified, and confirmed.

This Board Consent may be executed in one or more counterparts, each of which shall be deemed an original and all of which, together, shall constitute one consent. All of the foregoing resolutions shall be deemed adopted simultaneously.

**P. RAJU INDUKURI, M.D., individually**

**KISHORE SUNKARA, M.D., individually**

**ASHOO MANMADH RAO, M.D., individually**

| Debtor name | SAS Healthcare, Inc. *et al.* |
|---|---|

**UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF TEXAS**

Case No. (If known) _____

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

( Consolidated List )

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 Dr S. Haque P.O. Box 250885 Plano, TX 75025 | Dr S. Haque Tel: 972-989-4847 Email: zhaque786@yahoo.com | Independent Contractor | | | | $252,035.00 |
| 2 Sai Vittala PLLC Attn: Dr. Veluri 2231 Luckenbach Ln Irving, TX 75063 | Sai Vittala PLLC Tel: 9017371992 Email: tonya.nelson@veloxmd.com | Vendor | | | | $206,895.00 |
| 3 Tarrant County Hospital District P.O. Box 916046 Fort Worth, TX 76191 | Tarrant County Hospital District Tel: 818-397-1354 Email: landon@ahcv.com | Local Provider Participation Funds | | | | $169,844.12 |
| 4 Health Care Service Corp BCBS c/o Blue Cross Blue Shield P.O. Box 731428 Dallas, TX 75373 | Health Care Service Corp BCBS Email: sue.hanson@wellsfargo.com | Vendor | | | | $134,087.29 |
| 5 Dallas County Hosp Dist LPPF Charge & Reimbursement Integrity 8435 N Stemmons, Ste 900 Dallas, TX 75247 | Dallas County Hosp Dist LPPF Tel: 2145904174 Email: James.Blasingame@phhs.org | Local Provider Participation Funds | | | | $124,853.47 |
| 6 Hemant Day, MD P.O. Box 118467 Carrollton, TX 75011 | Hemant Day, MD Tel: 2142028229 Email: Hemantday@aol.com | Independent Contractor | | | | $87,000.00 |

Debtor name **SAS Healthcare, Inc.**

Case No. (If known) _____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  M.D. Rupinder Singh Bhatia, PA P.O. Box 251533 Plano, TX 75025 | M.D. Rupinder Singh Bhatia, PA Email: Rupinder.Bhatia@sunbhc.com | Independent Contractor | | | | $76,000.00 |
| 8  City of Garland Utilities 2696 Walnut St Garland, TX 75042 | City of Garland Utilities Email: http://www.garlandutilities.org/service_ele.aspx | Utilities | | | | $72,614.83 |
| 9  Sodexo, Inc & Affiliates P.O. Box 360170 Pittsburgh, PA 15251 | Sodexo, Inc & Affiliates Tel: 4694603725 Email: shawn.lovelady@sodexo.com | Vendor | | | | $59,665.02 |
| 10  M.D. Taylor Medical Consultant 1919 S Shiloh, Ste 210 Garland, TX 75042 | M.D. Taylor Medical Consultant Tel: 9728642050 Fax: 9722713437 Email: elena@ourfamilydoctor.com | Independent Contractor | | | | $55,970.00 |
| 11  M.D. SVS Psychiatry PLLC Attn: Sreenath Nekkalapu, MD 5020 Nash Ln Fort Worth, TX 76244 | M.D. SVS Psychiatry PLLC Tel: 3143873511 Email: docnsreenath@yahoo.com | Independent Contractor | | | | $51,623.08 |
| 12  Redi Answer, LLC 3711 Briarpark Dr, Ste 202 Houston, TX 77042 | Redi Answer, LLC | Vendor | | | | $49,973.42 |
| 13  Viyu Network Solutions c/o ARW Systems LLC 401 International Pkwy, 100 Richardson, TX 75081 | Viyu Network Solutions Tel: 9724791900 Email: ttaylor@viyu.net | Vendor | | | | $45,938.54 |

Debtor name    **SAS Healthcare, Inc.**          Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14   Dearborn National Life Insurance Company<br>36788 Eagle Way<br>Chicago, IL 60678 | Dearborn National Life Insurance Company<br>Tel: 8003484512<br>Fax: 3122400143<br>Email: contactus@dearbornnational.com | Vendor | | | | $41,856.91 |
| 15   Rook Medical Consultants, PA<br>Attn: Dr. Puskoor<br>6080 S Hulen St, Ste 360<br>PMB 295<br>Fort Worth, TX 76132 | Rook Medical Consultants, PA<br>Email:<br>rookmedicalconsultants@yahoo.com | Vendor | | | | $40,711.77 |
| 16   American Mechanical Services<br>P.O. Box 675073<br>Dallas, TX 75267 | American Mechanical Services<br>Tel: 9727028674<br>Fax: 9727010479 | Vendor | | | | $30,142.94 |
| 17   Acadian Ambulance Services<br>P.O. Box 92970<br>Lafayette, LA 70509 | Acadian Ambulance Services<br>Tel: 8774776509<br>Fax: 3372914422<br>Email: jchaisson@acadian.com | Vendor | | | | $23,445.54 |
| 18   Cirro Energy<br>c/o US Retailers LLC<br>P.O. Box 660004<br>Dallas, TX 75266 | Cirro Energy<br>Email: BusinessServices@cirroenergy.com | Vendor | | | | $22,630.15 |
| 19   City Of Arlington - Utilities<br>7000 US Hwy<br>Arlington, TX 76001 | City Of Arlington - Utilities<br>Tel: 8172755931 | Utilities | | | | $20,077.28 |

Debtor name    **SAS Healthcare, Inc.** _____    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  Angelica<br>     P.O. Box 532268<br>     Atlanta, GA 30353 | Angelica<br>Email: customercare@angelica.com | Vendor | | | | $17,967.96 |

| Fill in this information to identify the case: |
| --- |

Debtor name     **Sundance Behavioral Health Care, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF TEXAS

Case number (if known)        _____

☐ Check if this is an
    amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | **Declaration and signature** |
| --- | --- |

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration   _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 31, 2019**     X */s/ Raju Indukuri, M.D.*
                                             Signature of individual signing on behalf of debtor

                                             **Raju Indukuri, M.D.**
                                             Printed name

                                             **Authorized Director**
                                             Position or relationship to debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Texas

In re   **Sundance Behavioral Health Care, Inc.**

Case No.

Debtor(s)

Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Ashoo Rao, M.D.**<br>**2707 Airport Freeway**<br>**Suite 206**<br>**Fort Worth, TX 76111** | | **33.33%** | |
| **Kishore Sunkara, M.D.**<br>**2707 Airport Freeway**<br>**Suite 206**<br>**Fort Worth, TX 76111** | | **33.33%** | |
| **P. Raju Indukuri, M.C.**<br>**2707 Airport Freeway**<br>**Suite 206**<br>**Fort Worth, TX 76111** | | **33.33%** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Authorized Director** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **January 31, 2019**

Signature   **/s/ Raju Indukuri, M.D.**

**Raju Indukuri, M.D.**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

# United States Bankruptcy Court
## Northern District of Texas

In re   **Sundance Behavioral Health Care, Inc.**     Case No. _____

                      Debtor(s)     Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Sundance Behavioral Health Care, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**January 31, 2019**
_____
Date

/s/ Stephen M. Pezanosky
_____
**Stephen M. Pezanosky 15881850 (Texas)**
Signature of Attorney or Litigant
Counsel for   **Sundance Behavioral Health Care, Inc.**
**Haynes and Boone, LLP**
**301 Commerce Street**
**Suite 2600**
**Fort Worth, TX 76102**
**817-347-6600 Fax:817-347-6650**
**stephen.pezanosky@haynesboone.com**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

IN RE:                                  §
                                        §
Sundance Behavioral Health Care Inc     §          Case No. 19-_____
                                        §
          Debtor(s)                     §          Chapter ___11___

## DECLARATION FOR ELECTRONIC FILING OF
## BANKRUPTCY PETITION AND MASTER MAILING LIST (MATRIX)

**PART I:  DECLARATION OF PETITIONER:**

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case.  I have read the information provided in the petition and in the lists of creditors to be filed electronically in this case and ***I hereby declare under penalty of perjury*** that the information provided therein, as well as the social security information disclosed in this document, is true and correct.  I understand that this Declaration is to be filed with the Bankruptcy Court within seven (7) business days after the petition and lists of creditors have been filed electronically.  I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

☐       *[Only include for Chapter 7 individual petitioners whose debts are primarily consumer debts]*  –
        I am an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7.  I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.

☒       *[Only include if petitioner is a corporation, partnership or limited liability company]*  –
        I hereby further declare under penalty of perjury that I have been authorized to file the petition and lists of creditors on behalf of the debtor in this case.

Date: ____1/31/2019____.          ____/s/ Raju Indukuri, M.D.____          _____
                                          Debtor                                    Joint Debtor

**PART II:  DECLARATION OF ATTORNEY:**

I declare ***under penalty of perjury*** that:  (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date: ____1/31/2019____.

                                          ____/s/ Stephen M. Pezanosky____
                                          Attorney for Debtor